UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA MARTINEZ CHAVELAS, <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT et al., <br><br> Respondents. | No.  1:26-cv-02441-DAD-CKD (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT <br><br> (Doc. Nos. 1, 2) |

On March 30, 2026, petitioner, proceeding with the assistance of counsel, filed a petition for writ of *habeas corpus* and motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondents to file an opposition in which they inform the court whether "any provision of law or fact in this case would distinguish it from this court's decision in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 4.)  On April 1, 2026, respondents filed their opposition. (Doc. No. 6.)

Respondents argue therein that this case is factually distinguishable from *Chavarria* in several respects.  (*Id.* at 4–5.)  First, respondents argue that the petitioner in *Chavarria* had a

1

pending asylum claim, whereas here, petitioner's asylum application has been denied.  (*Id.* at 4–5.)  Furthermore, respondents argue that the evidence shows that the petitioner in this case was re-detained because she missed three check-ins with immigration officials and her asylum application was previously denied, and both of these factors made her a flight risk.  (*Id.* at 5.)  However, respondents have conceded that they do not "find distinguishing features of this case that would alter the Court's analysis that noncitizens such as Petitioner Martinez Chavelas have protected liberty interests entitling them to due process protections."  (*Id.* at 3.)  Respondents have also indicated that they "do not oppose converting the motion for a temporary restraining order into a motion for a preliminary injunction or resolving the petition on the merits."  (*Id.* at 1.)

Petitioner is a citizen of Mexico who entered the United States at the San Ysidro port of entry on September 24, 2015.  (Doc. No. 6-1 at 2–3.)  She was subsequently released into the country on parole pursuant to 8 U.S.C. § 1182 and enrolled in the Intensive Supervision Appearance Program ("ISAP").  (*Id.* at 3; Doc. No. 2-3 at 8.)  Petitioner has no criminal history.  (*Id.*)  Petitioner applied for asylum, but her application was ultimately denied by an immigration judge ("IJ").[1]  Petitioner contends that, as part of her enrollment in ISAP, she was required to submit photographs once per month via an application on her phone.  (Doc. No. 1 at ¶ 16.)  On December 2, 2025, petitioner was re-detained by immigration officials after voluntarily presenting herself in-person at an ISAP appointment.  (*Id.*)

Petitioner contends that she only missed one appointment on November 11, 2025 because "she forgot to comply with this requirement on the designated date," (Doc. No. 1 at ¶ 16), and had not previously received any notice from respondents about other instances in which she had violated the conditions of ISAP.  (Doc. No. 2-4 at 10.)  Petitioner further states that on November 12, 2025, she realized that she missed a mandatory check-in the day before on November 11th, and when she attempted to log in and submit a photo verification through the mobile app, she was

---

[1] Petitioner does not state when her asylum application was denied, but respondents contend that it was on November 19, 2019, when the IJ ordered her removed.  (Doc. Nos. 6 at 1; 6-1 at 3.)  Petitioner has since appealed the IJ's denial of her applications for asylum and withholding of removal to the Ninth Circuit Court of Appeals, and that appeal remains pending.  (*Id.* at 12.)  Petitioner further states that her removal order is also the subject of an appeal pending before the Ninth Circuit.  (2-1 at 3.)

unable to access the system.  (*Id.*)  Petitioner alleges that she immediately contacted immigration authorities to resolve the issue.  (Doc. No. 2-4 at ¶ 2.)  According to petitioner, respondents ordered her to report in person as soon as possible and that "they would help [her] resolve the issue with the app and that they could assist [her] with submitting the photo."  (*Id.* at ¶ 4.)  Respondents contend that petitioner misstates the facts leading up to her re-detention because she missed three mandatory check-ins on August 5, 2025, October 28, 2025, and November 11, 2025.  (Doc. No. 6-1 at 3, 6.)  In any event, there is no evidence before the court suggesting that petitioner was provided advanced notice that she would be re-detained.

Having considered the parties' arguments and the circumstances surrounding petitioner's detention, the court concludes that petitioner's re-detention violates due process.  While respondents contend that they re-detained petitioner for purportedly missing three check-ins throughout 2025, her re-detention must still comport with due process.  *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").  Here, there is no indication that respondents provided petitioner with notice or a hearing to determine whether her re-detention was called for before taking her back into immigration custody.  Under these circumstances, petitioner must be immediately released from respondents' custody.  *R.A.N.O. v. Wofford*, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507, at *2–8 (E.D. Cal. Jan. 6, 2026) (ordering the immediate release of a petitioner who was previously subject to release on parole under § 1182 and re-detained without prior notice or a hearing after failing to comply with check-in requirements on multiple occasions).[2]

For the reasons explained above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

---

[2]  The court also rejects respondents' argument that the denial of petitioner's asylum application makes her a flight risk because nothing in the evidence before the court indicates that this was factored into the decision to re-detain petitioner.

3

a.   Respondents are ORDERED to immediately release petitioner from respondents' custody under the same circumstances she was subject to prior to her re-detention on or about December 2, 2025;

b.   Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence.

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting the requested habeas relief on the merits;

3.   The Clerk is directed to serve the California City Detention Center with a copy of this Order; and

4.   The Clerk of the Court is also DIRECTED to enter judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 2, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE